(7 Misc. Rep. 440.)

## DURAND v. ACKEN.

(City Court of New York, General Term.    March 9, 1894.)

CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for damages caused by the defective condition of a stair maintained by defendant, there was evidence that there were only three

steps when there should have been four, the bottom step being out. Plaintiff testified that she was looking as she went down the steps, but could not see that a step was missing until too late to save herself from falling. *Held*, that the question of contributory negligence was for the jury.

Appeal from trial term.

Action by Agnes C. Durand against Samuel I. Acken to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Arthur H. Ely, for appellant.

Lamb, Osborne & Petty, for respondent.

VAN WYCK, J. The action was to recover damages for personal injuries sustained by reason of defendant's negligence in maintaining and omitting to repair a defective stairway to a temporary bridge over an excavation under the sidewalk on Sixth avenue, this city, and which stairway was unprovided with any guard or hand railing. The appellant makes no complaint against the judge's charge, but contends that it was error to deny his motions for nonsuit, and to dismiss after he had rested, because—First, the plaintiff did not show affirmatively the absence of negligence on her part; and, secondly, she did not show negligence on the part of the defendant or his employes. Both of these contentions are unavailing, because the proof justified the submission of these two questions to the jury, who found for plaintiff, and such finding is not against the weight of evidence. The defendant, by his answer, admits that he was erecting a new building on the west side of Sixth avenue, north of Twenty-Fourth street, and that he had erected and maintained a temporary wooden bridge for the purpose of enabling persons traversing the sidewalk to pass over an excavation under the sidewalk extending from the house line to the curbstone. It was while lawfully passing over this bridge that plaintiff fell and fractured her kneepan. Her testimony about the accident is, in part: That while she was going down the avenue, passing in front of the building which was being erected by defendant, she went up on the bridge all right. That she observed that the height of this bridge was about three or four feet above the level of the sidewalk. That the approach at the north end of the bridge was about four steps up. That she walked up the bridge all right until she came to the south end, when she proceeded down two steps; then she fell headlong to the sidewalk, because there was no third step there. That she did not see it until she began to recover herself. That the first step at the south end of the bridge was all right and in proper condition, and the second; then there was a space of one and a half or two feet where there was no step at all. That, when she fell, she was very much stunned, and they picked her up and placed her under the awning next door to the new building; and, when she recovered herself, she looked back, and saw a man come out of this building, with a jumper on, blue and white, and help one lady and

two children across this bridge, and he had on a working hat, and was apparently one of the working men on this new building, and when she left he was there. That when she was walking off the bridge, and down the stairway, she was looking where she was going to step, and at the step she was taking, but did not see the vacancy, and she was looking when she took the first step, and so, too, when she took the second step, and she tried to look and see when she took the next step, but could not recover herself, and did not see the vacancy made by the missing step until she had fallen, but supposed it was all correct. Another eyewitness of the accident was cleaning the windows next door, and says he happened to be looking when this lady (plaintiff) came across the bridge, and that when she came across she went to step down, supposing there was a step there, and, losing her footing, she fell down; that there were four steps in the bridge, but there were not four steps on this occasion, for there were only three steps where there should have been four; and that a workingman came, after plaintiff fell, out of the building, and helped a lady and a little girl, and then he took a piece of scantling, and nailed on the cleat on the third step, and put a piece of board on it; and this workingman seemed to be employed about the building, and had a jumper on. Although much of this evidence on behalf of plaintiff was contradicted by defendant, especially that which described the condition of the bridge and stairway, still it justified the submission to the jury of the question whether plaintiff was free from, or guilty of, contributory negligence. And as to the question of defendant's negligence we have seen that he admitted, by answer, that it was he who was erecting the building, and that he had erected and was maintaining this bridge; and Dr. Tucker testified that he had, prior to the accident, passed the bridge, going up Sixth avenue, every day of his life, and had noticed that the steps were very high, but went over it but a few times; that the few times he went over it his attention was more particularly called to the step on the down-town side; that the way his attention was called to it was by the inconvenience that it gave him to get up and down, because of this long step; and that he knew that it had been there a week, but could not tell how much longer than that. The defendant himself testified that he was at the building every day,—two or three times a day; that he was on and over the bridge every day; that there was no railing down the steps; that he had five or six bricklayers and six or eight laborers working on and about this building, and that he also had there a foreman and a head laborer. If there was a step missing from the stairway leading down from the south end of the bridge, it was proper to ask the jury whether it was not negligence for the defendant, his twelve or fourteen workmen and two foremen, all at and on the premises every day, to fail to discover and replace the missing step, especially when the doctor says it was there for certainly a week, and that he refused to cross the bridge because of this long step on the down-town side. This case was properly submitted to the jury, and their verdict for plaintiff should not be disturbed. Judgment and order affirmed, with costs. All concur.